GEORGE T. HUGHES v. CHARLES H. WISNER, CIRCUIT JUDGE OF GENESEE COUNTY.

BILL OF EXCEPTIONS — EXTENDING TIME FOR SETTLEMENT OF.

Relator applied November 10, 1896, for *mandamus* to compel the respondent to vacate an order denying a motion for an extension of time in which to settle a bill of exceptions, and an order to show cause was denied. On a second application made January 4, 1897, it was ordered that the respondent exercise his discretion as to the settling of said bill of exceptions, and make or refuse such settlement on such terms as might to him appear just.

*F. E. Emerick*, for relator, contended:

1. That it appears from the record in the case that the time in which to settle a bill of exceptions was by an order of the court made April 20, 1896, extended until May 20, 1896; that a transcript of the testimony and proceedings necessary to the preparation of said bill was not procured by the counsel for the defendant until May 4, 1896.

2. That defendant's good faith is shown by the filing of the required bond, the procuring of and paying for the entire transcript of the testimony, charge, and other proceedings as expeditiously as the same could be procured; that defendant lost no rights which he had on May 20, 1896, by not formally tendering to respondent a draft of the proposed bill of exceptions; that the court will not presume, especially after reading the affidavit of plaintiff's attorney, that he would consent to or in any way cooperate in the settlement of said bill. (See summary of affidavit of J. R. Laing).

3. That respondent had power legally to extend from time to time the time for the settlement of a bill of exceptions, after granting the first extension, to such

time and extent as he saw proper; citing Circuit Court Rules No. 85, 86; *White v. Campbell*, 25 Mich. 464; *Lenhoff v. Circuit Judge*, 82 Id. 567; that the express denial of relator's motion was equivalent to a definite statement on respondent's part that no further proceedings would or could be had for the settlement of the bill so far as the trial court was concerned; that it is different from a case where the time after the first extension is suffered merely to expire; that in such a case a circuit judge might, on proper application, reinstate the right to settle the bill or settle the bill without regard to such expiration; citing *Lenhoff v. Circuit Judge*, 82 Mich. 567; that when the circuit judge by his formal order denies the further right and extension, the party should have the right, as claimed in this case, to at once apply for *mandamus* if such denial is an abuse of the judicial discretion; that *mandamus* is the proper remedy for such abuse, and to secure a reasonable time in which to settle a bill of exceptions; citing, in addition to the cases last citied, *People v. Circuit Judge*, 41 Mich. 725.

The facts as shown by the record were:

*a*—That on February 5, 1896, Frances A. Kingsley recovered a judgment against relator for $900 in the circuit court for Genesee county.

*b*—That on February 6, 1896, relator secured the entry of an order staying all proceedings in said cause, except taxation of costs, for 20 days, and in case the statutory bond should be filed said stay was to be extended until the first day of the next term of said court; that it was further ordered that relator have until the first day of the next term of said court (April 20, 1896) in which to move for a new trial, or settle a bill of exceptions.

*c*—That on April 17, 1896, a motion was entered by relator's attorney for an extension of the order of February 6, 1896, for 60 days; that in support of this motion the relator filed the affidavit of W. J. Parker, who acted as official stenographer on the trial of said case, in which he averred that a few days after the trial he received an order from relator's attorney for a copy of the testimony taken on the trial; that he was making such copy; that he would be unable to complete the same for use before May 1, 1896, as said testimony was very voluminous, and he

was unable to work steadily on said record on account of his work as a stenographer calling him away to attend courts and other places where his services were required; that he could not possibly complete said record ready for use before May 1, 1896, but that by that time it would be completed.

d—That on April 20, 1896 an order was entered which, after reciting that relator had filed the required statutory bond for staying proceedings, directed that a further stay of 30 days be granted, and that relator have 30 days in which to settle a bill of exceptions.

e—That on May 20, 1896, relator's attorney moved the court for a further extension of time in which to settle said bill of exceptions; that said motion was noticed for hearing for June 1, 1896, and was based upon the affidavit of relator's attorney, and upon the records and files in the case.

[In his affidavit said attorney, after reciting the proceedings had after judgment down to the application for a stay of 60 days, averred that a stay was given, as he supposed, for 60 days, but the court journal showed it to have been for 30 days; that the testimony had been reduced to writing, and was then in affiant's possession; that on receiving said testimony, affiant went several times to the office of J. R. Laing, attorney for plaintiff, and found that he was at home sick; that the circuit judge was absent from the county; that supposing that affiant had 60 days in which to settle a bill of exceptions, he took no further action in the premises; that as soon as affiant learned that the stay was but for 30 days, he prepared a stipulation for a continuance, and on May 19, 1896, went to the home of the plaintiff's attorney, where he was confined by sickness, and requested him to sign said stipulation; that affiant was given to believe that the stipulation would be signed, and was informed by plaintiff's attorney that he would send the stipulation to affiant, which he failed to do; that affiant was informed, and believed that plaintiff would ask for an execution on May 21, 1896, against relator; that affiant had used all due diligence in securing the record from the stenographer; that said record had been procured in good faith, and had been paid for by relator; that said stenographer had not had a very large experience; that the record contained 163 pages; that affiant was ready to settle the bill at any day, but that the attorney for plaintiff was sick at home; that the circuit judge was absent from the county; that affiant, for the purpose of protecting the rights of relator, asked for sufficient time to get said bill signed by the court, and for this reason made said motion.

The attorney for the plaintiff made an affidavit in opposition to said motion, in which he averred that on May 19, 1896, he refused to sign a stipulation presented by relator's attorney consenting to a further extension of time in which to settle said bill of exceptions until affiant had seen his client; that affiant stated to relator's attorney that he could not assume to extend such time inasmuch as plaintiff had determined to take out an execution as soon as the time had expired, which would be the next day; that affiant would see plaintiff, and if she would consent he would sign the stipulation; that affiant said to relator's attorney plainly that he did not believe that the plaintiff would give such consent; that the time in which to settle said bill had been twice extended on the motion of relator's attorney; that affiant was informed and believed that it was the policy of defendant to delay proceedings for the purpose of forcing a settlement satisfactory to himself, and for no other reason. EDITOR.]

f—That on account of the illness of plaintiff's attorney the hearing of said motion was twice continued; that a hearing was finally had, and on October 3, 1896, the motion was denied.

g—That in the petition renewing his application for a mandamus the relator averred that the transcript of the record, which he had ordered from the

stenographer a few days after the trial, was furnished to relator May 4, 1894; that on the same day he delivered said transcript to his attorney; that said attorney did not prepare therefrom a draft of the proposed bill of exceptions, as expected by relator, but on May 20, 1896, filed said transcript in the clerk's office; that relator also furnished the required bond, and did all that his attorney required of him, and all that he supposed was necessary to remove said cause to the Supreme Court for review. (Edward A. Murphy was relator's attorney in the trial court).

[Annexed to the petition was a paper signed by the respondent, in which he stated:

a—That it had been his uniform practice to afford litigants every reasonable opportunity to obtain a review of any proceeding had in his court; that when the third application for an extension of time for settling a bill of exceptions was made, no proposed bill having been serve'p and the attorney for the defendant having merely filed with the clerk the stenographer's entire transcribed notes, respondent concluded that the defendant did not intend to settle any bill, but was merely endeavoring to obtain as much delay as possible, and declined to further extend the time for settling said bill.

b—That respondent had become satisfied that the defendant was in good faith endeavoring to have his case removed to the Supreme Court; that he had personally done all in his power to accomplish such result; that the lack of proper action in his behalf was due solely to the inexperience of his attorney; that were respondent in a position to grant the right to settle a bill of exceptions as he then understood the facts, he should do so, but as the matter stood he doubted his authority to reopen the case; that he did not desire to make any further return, but thought that the attorney for the plaintiff should have an opportunity to be heard in the matter, if he so desired; that the record showed that Edward S. Lee, of Flint, Michigan, was the attorney for plaintiff. EDITOR.]